UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:24CR261 MTS(SPM) |
| | ) |
| ANDRES TABIMA -14 and | ) |
| ELOIA VELLAGAS-VALENCIA-29 | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

All pretrial matters in this case have been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b). On July 18, 2024 and July 23, 2024, Defendants Andres Tamiba and EloisaVellagas-Valencia, each respectively filed a Waiver of Conflict, stating that they were being represented by different sets of lawyers with the law firm of Rosenblum Schwartz PC. As such, on July 30, 2024, the undersigned conducted an inquiry pursuant to Fed. R. Crim. P. 44(c).

During the inquiry defendants were advised of their right to separate counsel and cautioned about the perils of joint representation particularly when co-defendants have different levels of involvement in a case. Both defendants were offered him the opportunity to consult with a court-appointed lawyer on the issue of

1

joint representation. At the conclusion of the inquiry both defendants declined to consult with an independent lawyer and, consistent with the written waiver filed with the Court, reaffirmed their desire to waive any conflict of interest arising from the joint representation.

During the inquiry, counsel for both defendants assured the Court that based on the facts and evidence of the case as they currently understand it, they do not believe there is either currently a conflict or likely to be a conflict that would preclude them from effectively representing their respective clients.

Generally, "defendants are free to employ counsel of their choice and the courts are afforded little leeway in interfering with that choice." *United States v. Edelmann*, 458 F.3d 791, 806 (8th Cir. 2006). This right of a criminal defendant to retain counsel of his choice is not absolute. Although a defendant is entitled to waive his right to conflict-free counsel, the court may disqualify a conflicted attorney despite a defendant's voluntary, knowing, and intelligent waiver if the court finds that allowing the representation to proceed would obstruct orderly judicial procedure or deprive the court of its inherent power to control the administration of justice. *See id.*, at 806, *see also Wheat v. United States,* 486 U.S. 153, 163 (1988)("district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or

may not burgeon into an actual conflict as the trial progresses). Therefore, courts must balance the defendant's right to counsel of his own choosing against the court's interest in the administration of justice. *Edelmann*, 458 F.3d at 806.

Based on the record as a whole, I find that both Defendant Tabima and Defendant Vellagas-Valencia have been fully apprised of the problems that can arise from their joint representation by the Rosenblum and Schwartz law firm, have knowingly, voluntarily and intelligently decided to waive their right to separate counsel, and have waived their right to later assert that their joint representation by the Rosenblum and Schwartz law firm led to ineffective assistance of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that, for the reasons stated on the record at the Rule 44(c) Inquiry and in this Memorandum and Order, the Court accepts the conflict waiver filed by Defendant Andres Tabima and finds Defendant Tabima has knowingly and voluntarily waived any conflict of interest arising from the Rosenblum and Schwartz law firm's joint representation of Defendant Tabima and his co-defendant, Eloisa Vellagas-Valencia.

**IT IS FURTHER ORDERED** that, for the reasons stated on the record at the Rule 44(c) Inquiry and in this Memorandum and Order, the Court accepts the conflict waiver filed by Defendan Eloisa Vellagas-Valencia and finds Defendant Vellagas-Valencia has knowingly and voluntarily waived any conflict of interest

arising from the Rosenblum and Schwartz law firm's joint representation of Defendant Vellagas-Valencia and her co-defendant, Andres Tabima.

**IT IS FINALLY ORDERED** that, for the reasons stated on the record at the Rule 44(c) Inquiry and in this Memorandum and Order, the attorneys at the Rosenblum and Schwartz PC law firm may continue in their joint representation of Defendant Vellagas-Valencia and Tabima.

                                          SHIRLEY PADMORE MENSAH
                                        UNITED STATES MAGISTRATE JUDGE

Dated: July 30, 2024.